**UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
(PHILADELPHIA)**

| IN RE: | CHAPTER 13 |
|---|---|
| **Ralph L. Major**, <br>        Debtor(s). | CASE NO.: 21-11963-djb |

**ORDER APPROVING THE STIPULATION RESOLVING THE MOTION FOR RELIEF
FROM THE AUTOMATIC STAY**

        **AND NOW**, this _____ day of _____, **2026**, it is hereby **ORDERED** that the

corresponding Stipulation is hereby approved, shall be, and is hereby made an Order of this Court.

BY THE COURT:

Date: **April 24, 2026**

_____
**DEREK J. BAKER
US BANKRUPTCY JUDGE**

Case Administrator to mail:

Cc:     Kenneth E. West, Chapter 13 Trustee
        Debtors: Ralph L. Major at 9243 Eagle View Drive, Lafayette Hill, PA 19444
        Counsel for Debtor: Eugene A. Camposano, Esquire
        Counsel for Movant: Aleksandra K. Fugate, Esquire

## UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA
## (PHILADELPHIA)

| | |
|---|---|
| IN RE:<br><br>**Ralph L. Major**,<br>         Debtor(s). | CHAPTER 13<br>CASE NO.: 21-11963-djb |

### STIPULATION IN SETTLEMENT OF MOTION FOR RELIEF FROM THE AUTOMATIC STAY

It is hereby stipulated by and between Hill Wallack, LLP, counsel for NewRez LLC ("Shellpoint") as servicer for U.S. Bank National Association, as Indenture Trustee on behalf of and with respect to Ajax Mortgage Loan Trust 2021-C, Mortgage-Backed Securities, Series 2021-C ("Movant"), and Eugene A. Camposano, Esquire, counsel for the Debtors, as follows:

1.      The Automatic Stay as provided by Section 362 of the Bankruptcy Code shall remain in full force and effect conditioned upon the terms and conditions set forth herein.

2.      The Stipulation pertains to the property located at 9243 Eagle View Drive, Springfield Township, PA 19444 (the "Property").

3.      The Debtor currently has a post-petition arrearage of $6,480.87 representing the monthly payments due on the First Mortgage from February 1, 2026 through April 1, 202 6 (3 months @ $3,071.37/mo.) and Attorney's Fees and Cost in the amount of $250.00 with $2,983.24 in suspense.

4.      Debtor is to cure the post-petition arrears in the amount of $6,480.87 over the period of six (6) months by making stipulation payments in the amount of $1,080.15 beginning on May 15, 2026 and making one final payment of $1,080.12 on October 15, 2026.

5.      Beginning May 1, 2026, Debtor shall commence payment of the regular monthly payment in the amount of $3,071.37, subject to adjustment on proper notice.

6.      Should the Debtor fail to make any of the Post-Petition Monthly Payments due or any of the arrears stipulation payments, then Movant shall send Debtors and counsel a written Notice of Default of this Stipulation.  If the default is not cured within fifteen (15) days of the date of the Notice, counsel shall file a Certification of Default with the Court and the Court shall enter an Order granting relief from the Automatic Stay waiving **FED. R. Bankr.**

**P. 3002.1** and waiving **Rule 4001 (a)(4)** so that the Relief Order is immediately effective and enforceable.

      7.     In the event the Debtors converts to a Chapter 7 during the pendency of this bankruptcy case, the Debtors shall cure all arrears within **ten (10)** days from the date of conversion in order to bring the loan contractually current.  Should the Debtors fail to bring the loan contractually current, Movant shall send Debtors and counsel a written Notice of Default of this Stipulation.  If the default is not cured within ten (10) days of the date of the Notice, counsel shall file a Certification of Default with the Court and the Court shall enter an Order granting relief from the Automatic Stay waiving **FED. R. Bankr. P. 3002.1** and waiving **Rule 4001 (a)(4)** so that the Relief Order is immediately effective and enforceable.

      8.     Debtors' tendering of a check to Movant, which is subsequently returned due to insufficient funds in the account upon which the check is drawn, shall not constitute payment as the term is used in this Stipulation.

      9.     The parties stipulate that Movant shall be permitted to communicate with the Debtors and Debtors' Counsel to the extent necessary to comply with applicable non-bankruptcy law.

      10.     The parties agree that a facsimile signature shall be considered an original signature.

/s/ Aleksandra K. Fugate

Aleksandra K. Fugate, Esq.
Counsel for Movant

/s/

Eugene A. Camposano
Counsel for Debtor

/s/ Ralph MAJOR

RALPH MAJOR

No Objection
/s/ /s/ LeeAne O. Huggins     April 21, 2026

For Kenneth E. West
Ch13 Trustee